UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.   8:12-CR-136-T-35AEP

TATJUANA JOYE

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert
E. O'Neill, United States Attorney for the Middle District of Florida, and the
defendant, Tatjuana Joye, and the attorney for the defendant, F. Wesley Blanker,
mutually agree as follows:

A.    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the
Indictment.  Count One charges the defendant with Conspiracy to Engage in Sex
Trafficking of a Minor or by Means of Force, Threats of Force, Fraud and/or
Coercion, in violation of 18 U.S.C. § 1594(c).

2.    Maximum Penalties

Count One carries a maximum sentence of life imprisonment, a fine of
$250,000.00, a term of supervised release of at least five years to life, and a special
assessment of $100 per felony count, said special assessment to be due on the

Defendant's Initials _____          AF Approval _OK Sm_

date of sentencing.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

Second:     That the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means persons; and benefitted financially by receiving anything of value from participation in a venture which has recruited, enticed, harbored, transported, provided, obtained, or maintained persons;

Third:      That the Defendant did so knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act and/or the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

Fourth:     That the Defendant's acts were in or affected interstate and /or foreign commerce.

Defendant's Initials                     2

4.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining counts against the defendant, Counts Two, Four, Five, Six and Eight, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 2259, defendant agrees to make full restitution to C.G., D.B., E.F., B.W, Ca.G., and N.M.

7.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from

Defendant's Initials _____        3

the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

       8.    <u>Acceptance of Responsibility - Three Levels</u>

          At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

          Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials _____         4

9.    Coercion and Duress - Four Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive up to a four-level downward adjustment for coercion and duress, pursuant to USSG § 5K2.12.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward

Defendant's Initials _____                    5

departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      11.    <u>Use of Information - Section 1B1.8</u>

      Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

      12.    <u>Cooperation - Responsibilities of Parties</u>

      a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other

Defendant's Initials _____        6

mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in

Defendant's Initials _____                    7

such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case

Defendant's Initials _____                    8

but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

13.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 1594(d)(2), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following items, which were used or intended to be used to facilitate sex trafficking of a minor:

a.    Motorola cell phone, gray, 354519015926109;

b.    Kyocera cell phone, purple, MEID - (identifier) 268435457813795480;

c.    Nokia cell phone, gray, 012447007237885;

d.    LG cell phone, gray, LG290CM - model #, 003CYSF0394006;

e.    Samsung cell phone, blue/black, SCH-U350 - model #, A000001758CB43;

f.    Nokia cell phone, gray, 011886009191007;

g.    Samsung cell phone, pink/silver, SPH-M910 - model #, identifier DEC 268435459602899023;

Defendant's Initials _____          9

h.   Huawei cell phone, blue/black, M860 - model #, S/N 2XA7NB1111820172;

i.   Kyocera cell phone, purple, MEID - identifier 268435457814421442;

j.   Sanyo Boost Mobile, pink, SCP2700 - model #, identifier - DEC 268435457806477995;

k.   Nokia cell phone, gray, RH-121 - model #, another identifier 0580796JR2331 012447007237828;

l.   Kyocera cell phone, purple, MEID - identifier 268435457814458983;

m.   Samsung cell phone, black, SCH-R211 - model #, 268435458016272313;

n.   Samsung cell phone, black, SGH-T105G - model #, RPNZ544660F;

o.   Kyocera cell phone, purple, 268435457814661860;

p.   Samsung cell phone, black, SGH-T015G - model #, RPJZ347631L;

q.   Samsung cell phone, black, SCH-U360 - model #, A0000024FC7916;

r.   Samsung cell phone, black, SCH-U360 - model #, A000002416314C;

s.   Samsung cell phone, black, SCH-U360 - model #, A00000298C00A0;

t.   Samsung cell phone, black, A000001DD938FC;

u.   HP Pavilion Desktop Tower, S/N CNH72418HB;

v.   HP Compaq Laptop, 6910P- model #, S/N CND8251H8V;

w.   Kodak digital camera, silver, KCGHP82700673;

Defendant's Initials _____   10

x.   Polaroid digital camcorder, red, DVF-130 - model #, HR901585130089025;

y.   Kodak 8GB SD card, 7235082ZC; and

z.   Insignia media player, black, MP3 Player, B3BB607470040016.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United

Defendant's Initials _____     11

States.  These steps include, but are not limited to, the surrender of title, the signing

of a consent decree of forfeiture, and signing of any other documents necessary to

effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property

and to pass title to the United States before the defendant's sentencing.  To that

end, defendant agrees to fully assist the government in the recovery and return to

the United States of any assets, or portions thereof, as described above wherever

located.  The defendant agrees to make a full and complete disclosure of all assets

over which defendant exercises control and those which are held or controlled by a

nominee.  The defendant further agrees to be polygraphed on the issue of assets, if

it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture

of the property described above.  If the United States determines that property of the

defendant identified for forfeiture cannot be located upon the exercise of due

diligence; has been transferred or sold to, or deposited with, a third party; has been

placed beyond the jurisdiction of the Court; has been substantially diminished in

value; or has been commingled with other property which cannot be divided without

difficulty; then the United States shall, at its option, be entitled to forfeiture of any

other property (substitute assets) of the defendant up to the value of any property

described above.  This Court shall retain jurisdiction to settle any disputes arising

from application of this clause.  The defendant agrees that forfeiture of substitute

Defendant's Initials _____                    12

assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

     14.   Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any electronic equipment and peripherals seized from the defendant and currently in the custody or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 1594(d)(2), and/or that the equipment constitutes evidence, contraband, or fruits of the crime for which she has pled guilty. As such, defendant hereby relinquishes all claim, title and interest she has in the equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that she is the sole and rightful owner of the property, and that

Defendant's Initials _____      13

defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

a.  Motorola cell phone, gray, 354519015926109;

b.  Kyocera cell phone, purple, MEID - (identifier) 268435457813795480;

c.  Nokia cell phone, gray, 012447007237885;

d.  LG cell phone, gray, LG290CM - model #, 003CYSF0394006;

e.  Samsung cell phone, blue/black, SCH-U350 - model #, A000001758CB43;

f.  Nokia cell phone, gray, 011886009191007;

g.  Samsung cell phone, pink/silver, SPH-M910 - model #, identifier DEC 268435459602899023;

h.  Huawei cell phone, blue/black, M860 - model #, S/N 2XA7NB1111820172;

i.  Kyocera cell phone, purple, MEID - identifier 268435457814421442;

j.  Sanyo Boost Mobile, pink, SCP2700 - model #,  identifier - DEC 268435457806477995;

k.  Nokia cell phone, gray, RH-121 - model #, another identifier 0580796JR2331 012447007237828;

l.  Kyocera cell phone, purple, MEID - identifier 268435457814458983;

m.  Samsung cell phone, black, SCH-R211 - model #, 268435458016272313;

n.  Samsung cell phone, black, SGH-T105G - model #, RPNZ544660F;

Defendant's Initials _____        14

o.    Kyocera cell phone, purple, 268435457814661860;

p.    Samsung cell phone, black, SGH-T015G - model #, RPJZ347631L;

q.    Samsung cell phone, black, SCH-U360 - model #, A0000024FC7916;

r.    Samsung cell phone, black, SCH-U360 - model #, A000002416314C;

s.    Samsung cell phone, black, SCH-U360 - model #, A00000298C00A0;

t.    Samsung cell phone, black, A000001DD938FC;

u.    HP Pavilion Desktop Tower, S/N CNH72418HB;

v.    HP Compaq Laptop, 6910P- model #, S/N CND8251H8V;

w.    Kodak digital camera, silver, KCGHP82700673;

x.    Polaroid digital camcorder, red, DVF-130 - model #, HR901585130089025;

y.    Kodak 8GB SD card, 7235082ZC; and

z.    Insignia media player, black, MP3 Player, B3BB607470040016.

15.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name,

Defendant's Initials _____    15

residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that she must update her registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.      Standard Terms and Conditions**

      1.      Restitution, Special Assessment and Fine

           The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____                    16

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant

is pleading provide(s) for imposition of a term of supervised release upon release

from imprisonment, and that, if the defendant should violate the conditions of

release, the defendant would be subject to a further term of imprisonment.

3.      Sentencing Information

The United States reserves its right and obligation to report to the

Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant factual

information, including the totality of the defendant's criminal activities, if any, not

limited to the count(s) to which defendant pleads, to respond to comments made by

the defendant or defendant's counsel, and to correct any misstatements or

inaccuracies.  The United States further reserves its right to make any

recommendations it deems appropriate regarding the disposition of this case,

subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this

plea agreement, an affidavit reflecting the defendant's financial condition.  The

defendant further agrees, and by the execution of this plea agreement, authorizes

the United States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state, and

Defendant's Initials _____        17

local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

    4.    <u>Sentencing Recommendations</u>

        It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _____          18

5.      Defendant's Waiver of Right to Appeal

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6.      Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____            19

7.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant

Defendant's Initials _____                    20

further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

> 9.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

In or about January 2010, Tatjuana JOYE began prostituting for Weylin O. Rodriguez a/k/a "Rico".  JOYE initially believed she was entering into a romantic relationship with Rodriguez but eventually began prostituting for him.  A few months into the relationship, Rodriguez designated JOYE as his "bottom girl." In the prostitution arena, the bottom girl is the highest ranking prostitute for the pimp and is often empowered with many of the powers of the pimp, particularly when he

Defendant's Initials           21

is absent.  JOYE, for example,  taught the other girls how to work as a prostitute for Rodriguez and also enforced the rules that Rodriguez imposed.  When the other prostitutes broke one of the rules or otherwise "got out of line," JOYE would often yell at them and hit them.

After getting involved with Rodriguez, JOYE alternated between obtaining prostitution dates over the internet and obtaining prostitution dates by walking around an area in Orlando known as "The Trail."  In the Fall of 2010, Pria Gunn began to prostitute for Rodriguez.  Gunn began competing with JOYE for the role of bottom girl.  Eventually, both JOYE and Gunn shared the role of bottom girl for Rodriguez.

As one of the bottom girls, JOYE, in concert with Rodriguez and Gunn, enforced Rodriguez's rules of prostitution on the other girls and also worked with Rodriguez to train the other girls on how to obtain prostitution clients.  For example, JOYE assisted in teaching the girls what to say when approaching a client and assisted in posting prostitution ads of the victims on the internet, a means and facility of interstate and foreign commerce, as well as renting rooms at regional and national hotel chains where prostitution activities took place.  Further, JOYE  was often left in charge when Rodriguez was not present.  Examples of JOYE's role in the organization, with respect to specific victims, are described below.

Defendant's Initials _____          22

1.    **D.B. and E.F.**

Beginning in or about November of 2010, E.F. (then a 17-year-old minor female) and D.B. (then a 15-year-old minor female) were forced to work as prostitutes for Rodriguez.  On the first evening that E.F. and D.B. began working as prostitutes, they were taken to the basement of Rodriguez's aunt's residence where JOYE and Gunn did their make-up, dressed them and informed them of the rules of prostitution.  JOYE was aware that both E.F. and D.B. were under the age of 18. Rodriguez put JOYE in charge of E.F. and D.B. because he knew their age could be big problems for him.  Rodriguez advised JOYE that if she was caught with D.B. and E.F. she would not be subject to severe criminal penalties.  JOYE went along with Rodriguez's wishes because she loved him and feared him.  In January 2011, Rodriguez drove JOYE, E.F. and D.B. from the Middle District of Florida to Charlotte, North Carolina, for the purpose of engaging in commercial sex acts. Rodriguez left JOYE in charge of D.B. and E.F.  JOYE rented a hotel room in her name and was in charge of the money that the girls made.  While in Charlotte, North Carolina, JOYE, D.B. and E.F. engaged in prostitution activities.  JOYE and D.B. were subsequently arrested.  D.B.'s family was alerted to her whereabouts and she was recovered.   D.B. and E.F., under the direction of JOYE, Gunn, and Rodriguez, had sex with numerous clients for money during this time period.

Defendant's Initials _____    23

2.    **B.W.**

Beginning in or about April of 2011, B.W. (then an 18-year-old female) was forced to work as a prostitute for Rodriguez.  Initially, B.W. was told by Rodriguez that she would be working as a model.  On the night she was first picked up by Rodriguez in his vehicle, B.W. was taken to an apartment where she met JOYE, Gunn and another female.  JOYE informed her that the females traveled and took pictures.  JOYE instructed her to take a shower then did B.W.'s hair and makeup.  B.W. was provided a black dress.  B.W. then had her photographs taken by Gunn.  It was later learned that these photographs were not modeling photos. They were posted on the internet, a means and facility of interstate and foreign commerce, by Rodriguez, Gunn and JOYE in order to obtain prostitution clients.

Later that same evening, B.W. asked to go home but Rodriguez convinced her to stay.  B.W. stated that she was not able to leave the residence that evening because Rodriguez had a key to one of the front door locks and slept in the living room.  The following morning, B.W. again asked to leave.  Rodriguez told Gunn to keep an eye on B.W. because he feared that she might try to leave and run.  Gunn reassured Rodriguez that B.W. would not try to leave because she had nowhere to go.

Rodriguez eventually left the residence to go to the store.  While Gunn was in the bathroom, B.W. exited the apartment and began to run.  Gunn began to chase her.  As B.W. was attempting to flee, Rodriguez approached in his car and

Defendant's Initials _____    24

stated, "Bitch, where you going at?" and told B.W. to "get her ass in his truck before

he beat her."  Due to her fear, B.W. agreed to get into the truck with Rodriguez.

Over the course of the next two to three weeks, B.W. was forced to

work as a prostitute.  After refusing to have sex with a man, B.W. was beaten by

Rodriguez.  Rodriguez then informed JOYE and Gunn that if B.W. ever tried to run

away from the apartment, he wanted them to "beat her ass."  B.W. stated that she

was scared for her life and held against her will by JOYE, Gunn and Rodriguez.

She did not feel that she could run away because either Rodriguez, JOYE or Gunn

was present and would not let her leave.

3.   C.G.

In or about December of 2010, C.G. (then a 15-year-old female) was

forced to work as a prostitute for Rodriguez.  Shortly after being taken from Tampa,

Florida, by Rodriguez, C.G. was informed that she would be working as a prostitute.

Rodriguez moved her and some other girls to the Safar Inn which was also located

on Orange Blossom Trail in Orlando, Florida.  One of the girls who went with them

was named Pria.  According to C.G., Pria was one of Rodriguez's "main girls."  Pria

would not let any of the other girls leave the hotel rooms and even kept them inside

by sliding furniture up against the door.  Rodriguez pulled all the phone cables out of

the wall in the hotel room so nobody could use the phone.  The only person who

had a cell phone was Gunn.  Rodriguez told Gunn not to let C.G. out of the hotel

Defendant's Initials _____   25

because she was not cooperating. She was not even allowed to go to the bathroom by herself.

**4. Ca.G.**

Beginning from an unknown date until May of 2011, Ca.G (then an 18-year-old female) was forced to work as a prostitute for Rodriguez. On February 17, 2011, Rodriguez dropped Ca.G. and Gunn on Orange Blossom Trail in Orlando, FL. After being dropped off, Gunn informed Ca.G. about the various rules regarding prostitution including how much to charge for services. Ca.G. did not want to engage in prostitution and began to run down Orange Blossom Trail. Gunn chased her and threatened to beat her for running away. Ca.G. was able to flag down a Sheriff's Deputy and report that she was brought to the Middle District of Florida under the guise of becoming a model and that Rodriguez and Gunn refused to allow her to return home to North Carolina. The Sheriff's Deputy transported Ca.G. to the Greyhound bus station so that she could return to her hometown of Charlotte, NC. When Ca.G. arrived at the Greyhound station, one of Rodriguez's associates forced her into a car so he could return her to Rodriguez.

After this incident, Ca.G. advised that on a typical day either Rodriguez, JOYE or GUNN would take provocative pictures of her and then post these pictures on internet websites in order to solicit prostitution customers. Ca.G. stated that the customers would call the numbers on the ads at which time JOYE or Gunn would normally answer the phone and set up dates with the customers and

Defendant's Initials _____      26

give them directions to the apartment.  Once at the apartment, Ca.G. would engage in sexual contact with the clients and give the money to JOYE or Gunn if Rodriguez was not present.

      **5.**    **N.M.**

Beginning on or about April of 2011, N.M. (then a 19 year-old female) was brought from North Carolina to the Middle District of Florida and forced to work as a prostitute for Rodriguez.  N.M. stated that she did not want to work as a prostitute but was afraid to run away because she was not from the area and did not know her way around.  Furthermore, N.M. explained that either Rodriguez or someone else was always watching her.  In particular, N.M. stated that JOYE and Gunn were instructed by Rodriguez to watch N.M. and make sure that she did not escape.  N.M. also stated that JOYE and Gunn were instructed by Rodriguez to beat her if she attempted to escape.

N.M. advised that on one occasion Rodriguez instructed her and JOYE to do "outcalls."  A client had responded to an ad posted on the internet for prostitution services and requested a date.   JOYE took N.M. to a hotel in Kissimmee, Florida, in the Middle District of Florida.  When JOYE and N.M. arrived at the hotel, they were arrested.  The client was an undercover police officer.  N.M. advised that she was very scared because she had never been arrested before. JOYE instructed N.M. to provide law enforcement with a fake name.  N.M. initially listened to JOYE but subsequently provided her real identity to law enforcement.

Defendant's Initials _____    27

All of the victims stated that Rodriguez, Gunn and JOYE used and provided multiple cellular telephones to keep track of the whereabouts of the victims as well as to facilitate the prostitution activities of the victims. Specifically, cell phones were used to communicate and set up "dates" with "johns." In fact, the victims who set up dates were required to recite a script when communicating with "johns" on the cell phones.

Additionally, the victims stated that computers were used by Rodriguez, Gunn, and JOYE to create advertisements on the internet soliciting prostitution. Many of the advertisements soliciting prostitution contained photographs of the female victims taken by Rodriguez and others. The internet advertisements included telephone contact information in order for the "johns" to contact the victims for prostitution services. Law enforcement was able to locate some of these advertisements on www.backpage.com.

The above is merely a brief summary of some of the events and persons involved and other information relating to this case and does not include, nor is it intended to include, all of the events, persons involved or other information relating to this case or the charged offenses.

Defendant's Initials _____    28

10.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___9th___ day of ~~September~~ October 2012.

ROBERT E. O'NEILL
United States Attorney

_____          By: _____
Tatjuana Joye                          Stacie B. Harris
Defendant                              Assistant United States Attorney

_____          _____
F. Wesley Blankner                     W. Stephen Muldrow
Attorney for Defendant                 Assistant United States Attorney
                                       Chief, General Crimes Section

Defendant's Initials _____          29